UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:26-cr-00046-GFVT-MAS |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| ANDREW SELVA, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on the United States' Motion for Stay and Revocation of Release Order. [R. 11]. The United States seeks revocation of a release order pursuant to 18 U.S.C. § 3145. For the following reasons, the Court **GRANTS** the Motion.

**I**

On April 16, 2026, a grand jury returned a four-count indictment charging Defendant Andrew Selva with several serious drug crimes. [R. 1]. Specifically, the grand jury charged Selva with conspiracy to distribute clonazolam, a Schedule I controlled substance, 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 846, the intentional distribution of 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 841, and money laundering in violation of 18 U.S.C. § 1956. [*Id.*] On the same day, a United States magistrate judge signed Selva's arrest warrant. [R. 6].

Selva appeared in the Central District of California before United States Magistrate Judge David T. Bristow for a detention hearing. [*See* R. 11 at 2]. The United States sought Selva's pretrial detention and for the Court to transport Selva to the Eastern District of Kentucky. [*Id.*] Judge Bristow denied the United States' request and ordered Selva released on bond. [*Id.*] Judge Bristow granted the government's request for a 24-hour stay of his order to allow the United

States to petition the Eastern District of Kentucky for review. The United States seeks a stay and review of Judge Bristow's release order pursuant to 18 U.S.C. § 3145(a)(1).

The government alleges that Selva engaged in a sophisticated operation to produce and distribute in interstate commerce counterfeit pills containing controlled substances. [R. 11 at 5]. Law enforcement discovered thousands of counterfeit pills and approximately 1,700 grams of raw methamphetamine at Selva's pill-pressing locations. At his home, law enforcement seized thousands of counterfeit pills, five kilograms of cocaine, 850 grams of MDMA, 800 grams of heroin, and several firearms. [*Id.*] Selva and his co-conspirators allegedly operated a vendor account on a darknet marketplace where they sold drugs in exchange for cryptocurrency. [*Id.*]

**II**

18 U.S.C. § 3145(a)(1) governs the revocation of a release order. It states that, if a "magistrate judge, or . . . person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court" releases a defendant, the "court having original jurisdiction over the offense" can consider the Government's motion to revoke that release order. 18 U.S.C. § 3145(a)(1). This Court has original jurisdiction because the indictment occurred in the Eastern District of Kentucky. *United States v. King*, No. 5:23-CR-00142-GFVT-MAS-2, 2025 WL 1643022, at *1 (E.D. Ky. June 10, 2025).

The Court reviews Judge Bristow's decision *de novo*. *United States v. Essilfie*, No. 3:23 CR 122, 2025 WL 581072, at *1 (N.D. Ohio Feb. 21, 2025). On review, the Court begins with the basic presumption that "a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). There are circumstances, however, where this default presumption does not apply, including where there is probable cause to believe that the person committed "an offense for which a maximum term of imprisonment of ten years or more is

prescribed by the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A). In that case, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required[.]" *Id.* § 3142(e)(3). The indictment establishes probable cause that the Defendant committed such offenses, as Counts 1, 2, and 3 allege violations of the Controlled Substances Act. *See Stone*, 608 F.3d at 946–47 ("the indictment . . . satisfies the government's preliminary burden to show probable cause for all defendants and to establish the presumption of detention."). This presumption in favor of detention "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.* at 945.

Section 3142(g) lists the factors to be considered by the Court. Relevant to this case, one of the factors includes the "nature and circumstances of the offense charged," including whether the offense involves a "controlled substance" or "firearm." 18 U.S.C. § 3142(g)(1). Other relevant factors include the "weight of evidence against the person," the "nature and seriousness of the danger to any person or the community that would be posed by the person's release," and whether the person is likely to appear in court. *Id.* § 3142(g)(2)–(4).

Turning to these factors, the offenses include three counts of violations of the Controlled Substances Act, weighing in favor of detention. 18 U.S.C. § 3142(g)(1). Although not included in the indictment, the Court notes that law enforcement seized three firearms from the defendant's home. *Id.* As to the weight of the evidence, the Government's brief and the indictment describe not a low-level nonviolent drug dealer, but a sophisticated criminal actor trafficking large quantities of controlled substances in interstate commerce. *Id.* § 3142(g)(2); [R. 11 at 5–7]. At this juncture, the Court is aware of no factors sufficient to overcome the

presumption of 18 U.S.C. § 3142(e)(3) indicating that Selva would appear in court in the Eastern District of Kentucky absent pretrial detention.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Government's Motion for Stay and Revocation of Release Order **[R. 11]** is **GRANTED**.

2. The Order entered by United States Magistrate Judge David T. Bristow in the United States District Court for the Central District of California in Case Number 5:26-MJ-00266, allowing the pretrial release of Defendant Andrew Selva is **STAYED**, pending this Court's resolution of the government's motion for revocation of the release order.

3. A hearing on the government's motion for revocation of release order is **REFERED** to United States Magistrate Judge Matthew A. Stinnett. Judge Stinnett will schedule this hearing by subsequent Order.

4. The Clerk of the Court is **DIRECTED** to provide immediate notice of the entry of this Order to the United States Marshal for the Eastern District of Kentucky and the Court in the Central District of California in Case Number 5:26-MJ-00266.

5. The United States Marshals Service **SHALL TRANSPORT** the defendant in custody to the Eastern District of Kentucky, where this action is pending.

4

This 28th day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge