UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5:26-CR-00046-CHB-MAS |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| ANDREW SELVA, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Matthew A. Stinnett on May 29, 2026, which recommends that the United States's Motion to Revoke, [R. 11], be granted. [R. 27]. The Magistrate Judge's Recommendation advised the parties that any objections must be filed within fourteen days, making the final date to file objections June 12, 2026. *Id.* at 20. To date, neither party has filed any objections to the Recommendation nor sought any further extension of time to do so. For the reasons set forth below, the Court will adopt the Magistrate Judge's Recommendation and grant the United States's underlying motion.

On April 16, 2026, a federal grand jury returned an indictment charging Defendant Andrew Selva with one count of conspiracy to distribute a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count 1); two counts of distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) (Counts 2 and 3); and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (Count 4). [R. 1]. On April 27, 2026, Selva was arrested in the Central District of California and had his initial appearance before Magistrate Judge David T. Bristow. [R. 13, p. 1]. Ultimately Judge Bristow denied the United

- 1 -

States's motion for detention and entered an order setting various conditions for Selva's release. [R. 13-10]. Thereafter, the United States moved this Court to stay and revoke Judge Bristow's release order. [R. 11]. On April 28, 2026, the Court stayed that release order and referred the motion to revoke to the Magistrate Judge. [R. 12]. The Magistrate Judge filed his Recommendation on May 29, 2026. [R. 27]. To date, no objections have been filed by either party and the time to do so has passed.

In the Recommendation, the Magistrate Judge properly considered the relevant law for revocation of a release order under 18 U.S.C. § 3145 and the factors to be considered under § 3142(g). [R. 27, pp. 2–5]. In addressing these factors to determine the danger that Selva poses to the community, the Magistrate Judge considered (1) Selva's history and characteristics, (2) the nature and circumstances of the offense charged, (3) the weight of the evidence of dangerousness, and (4) the nature and seriousness of danger posed by release. *Id.* at 5–15. The Magistrate Judge found that, on balance, "the government demonstrated by clear and convincing evidence that Selva's release would pose a risk of danger to the community." *Id.* at 15. Accordingly, and because the Magistrate Judge did "not take comfort that any release condition could sufficiently mitigate the risk of danger he poses to the community," the Magistrate Judge recommended that the United States's Motion to Revoke be granted. *Id.* Next the Magistrate Judge turned to the issue of the risk of nonappearance by Selva. *Id.* at 15–20. Ultimately, after weighing the relevant factors, the Magistrate Judge concluded that "detention on this basis is not appropriate under the BRA." *Id.* at 20.

As mentioned, the Magistrate Judge's Recommendation, entered on May 29, 2026, advised the parties that any objections must be filed within fourteen days. [R. 27, p. 20]. To date, the Court has still not received any objections to the Recommendation or requests for further extension from

any party. Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, [**R. 27**], is **ADOPTED** as the opinion of this Court.

2. The United States's Motion to Revoke, [**R. 11**], is **GRANTED**.

This the 16th day of June, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY